**Ovid DEMARIS, Plaintiff-Appellant,**

v.

**Herman M. GREENSPUN aka Hank Greenspun and Las Vegas Sun, Inc., a Nevada corporation, Defendants-Appellees.**

**No. 82–5967.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1983.

Decided Aug. 4, 1983.

Vincent H. Chieffo, Rudin & Richman, Beverly Hills, Cal., for defendants-appellees.

Richard C. Leonard, Levine & Leonard, Beverly Hills, Cal., for plaintiff-appellant.

Before CHAMBERS, SKOPIL and FARRIS, Circuit Judges.

CHAMBERS, Circuit Judge:

Demaris filed an action for libel in the United States District Court for the Central District of California, under that court's diversity of citizenship jurisdiction (28 U.S.C. § 1332). The defendants are the LAS VEGAS SUN, INC. (hereafter the SUN), and Herman Greenspun, its president, publisher, editor, and its major stockholder. The SUN is incorporated in Nevada and has its principal place of business there. Greenspun is a citizen of Nevada. The district court granted defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and this appeal followed.

Demaris contends that the dismissal was improper and that the defendants' contacts with California permit the district court in Southern California to assert personal juris-

diction over them for the limited purposes of this particular case.

This Court in *Church of Scientology of California v. Adams,* 584 F.2d 893, 896 (9th Cir.1978), considered the same long arm statute that is in issue here, Section 410.10 of the California Code of Civil Procedure[1] and laid down the test that is to apply in determining if personal jurisdiction exists. The applicable test is "whether or not it was foreseeable that a risk of injury by defamation would arise in the forum state." In *Scientology* the sole contact between the defendant newspaper was the distribution in California of approximately 150 copies of each of the offending articles. The Court noted that California events "were not the topic of the allegedly actionable writings, nor California readers a principal or secondary target of the articles." *Id.* at 898. No research was done in California and the discussion was not as to the church's existence and activities in California; the discussion was of Scientology in general.

■ The district judge correctly held that the foreseeability test of Scientology was not met in this case. The SUN is a local, privately-owned newspaper published in Nevada. It is not qualified to do business in California and has no agent for service of process there. It has no office or employees in California and its reporters do not go to California with any regularity. Advertising from California represents a very minimal percentage of general advertising revenues of the paper. More important, subscriptions are not solicited from California, and during 1981 only 447 weekly and 935 Sunday copies were distributed to subscribers, or delivered for over-the-counter sale, in California. This represents only about 0.69% of the weekday circulation and 1.3% of the SUN's Sunday circulation. The subject of the article was Mr. Demaris in his capacity as a writer of exposes about criminal activity in certain American cities. Two of his books focused on Las Vegas or residents of Las Vegas, thus giving rise to

an interest about him in that city. The column in question did not identify him as a California resident or in any direct way refer to California events.

Appellant asks us to take note of the heavy California tourist trade that Las Vegas enjoys and to presume that the SUN is read, and was read, by those tourists. We are not persuaded that the situation here is similar to that in *Buckley v. New York Post Co.,* 373 F.2d 175 (2nd Cir.1967), where a Connecticut bedroom community, only 40 miles from New York City, was deemed part of the larger New York regional area for purposes of determining the jurisdictional issue. In that case the court noted that a significant number of copies of the New York Post were circulated in Connecticut, and it also took into consideration the additional fact that a high percentage of the Connecticut residents worked in New York and were likely to buy their newspaper there, and many were apt to carry them home to Connecticut. In our case, we are asked to assume that Southern California residents coming to Las Vegas for recreation purposes are interested in obtaining their news from a small local newspaper and therefore actually do buy newspapers while vacationing there. We simply have insufficient basis in the record for making any such assumptions.

This is not a local place of doing business case, or a case of local agents conducting business of the SUN in California. Absent doing of business in the foreign State, we are not disposed to carry the jurisdiction beyond the area of the paper's primary circulation. Moreover, there is no evidence of a sizable impact in California. While *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967), is not primarily a jurisdiction case, the libel was such an explosive thing that it conceivably could be said that it had impact in every State of the Union. Such is not the case here.

1. Section 410.10 states:
A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitu-

tion of this State or of the United States.

We do not accept for jurisdiction the appellant's contention that he cannot get a fair trial in Las Vegas and, ergo, that we create, at the threshold, jurisdiction in California. That contention is one to be advanced in a motion for change of venue. While we accept the order of dismissal as a final order in the case, on our remand the district court may reopen its final order and consider if it is appropriate on the record to transfer the case to the District of Nevada (28 U.S.C. § 1406). The point not being before us, we have not considered it.

Affirmed and remanded.